[Civ. No. 8721. First Appellate District, Division Two.—January 20, 1933.]

EMMA SROTH et al., Respondents, v. VINCENT P. LAGUENS et al., Appellants.

Joseph A. Brown for Appellants.

Rudolph A. Rapsey for Respondents.

SPENCE, J.—This is an appeal from an order granting a new trial.

The judgment was entered in favor of appellants on January 21, 1930. No written notice of entry of judgment was given to counsel for respondents until May 28, 1930, when a letter was received by him from counsel for appellants. This letter called attention to the judgment in the above-entitled cause and stated counsel's contention that the judgment had become final despite the fact that no notice of entry of judgment had been theretofore given. On June 10, 1930, counsel for respondents served and filed his notice of intention to move for a new trial. Counsel for appellants

filed written objections to the hearing of said motion on the ground that said notice of intention had not been filed within the time allowed by law, but the trial court made its order granting said motion on July 26, 1930.

Appellants have presented a brief urging several grounds for reversal. On the other hand no brief has been filed on behalf of respondents and counsel for respondents has communicated with this court saying, "I doubt very much whether a brief will be filed on behalf of respondents". In our opinion the order must be reversed and we need only consider one of the grounds urged by appellant. Section 659 of the Code of Civil Procedure provides: "The party intending to move for a new trial must, either before the entry of judgment or within ten (10) days after receiving written notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial, . . ." The right to move for a new trial is purely statutory and the remedy must be pursued in the manner prescribed. (20 Cal. Jur. 11.) The letter received by counsel for respondent served to start the time running and the notice of intention to move for a new trial came too late as it was not served and filed within ten days after receipt of said letter.

The order granting a new trial is reversed.

Nourse, P. J., and Sturtevant, J., concurred.